870 A.2d 837

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph D'AMATO, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 21, 2002.

Decided March 29, 2005.

Neil E. Jokelson, Esq., Philadelphia, for Joseph D'Amato.

Hugh J. Burns, Esq., Amy Zapp, Esq., Philadelphia, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

PER CURIAM.

This Court remanded the matter for a hearing concerning a claim of after-discovered evidence, *see Commonwealth v. D'Amato*, 579 Pa. 490, 524, 856 A.2d 806, 826 (2004), and the record is now complete: the common pleas court held a hearing, at which Mr. Boyle refused to testify, invoking his privilege against self-incrimination guaranteed by the Fifth Amendment.[1] Thereafter, the court filed a supplemental opinion containing an express determination that, viewing the trial record as a whole, any testimony from Mr. Boyle would not have changed the outcome of the proceedings. As we do not find this determination to be erroneous, Appellant cannot establish an entitlement to relief on this claim. Accordingly, we affirm the order of the Court of Common Pleas denying Appellant's petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. The Prothonotary of the Supreme Court is directed to transmit the record of this case to the Governor of Pennsylvania in a timely fashion.

---

1. See U.S. CONST. amend. V ("No person ... shall be compelled in any criminal case to be a witness against himself ...."). This provision applies to state proceedings under the Fourteenth Amendment's Due Process Clause. *See Malloy v. Hogan*, 378 U.S. 1, 6, 84 S.Ct. 1489, 1492, 12 L.Ed.2d 653 (1964); *Commonwealth v. McGrath*, 508 Pa. 250, 259, 495 A.2d 517, 521 (1985).