## Commonwealth v. Bean

C.P. of Berks County, no. CP-06-CR-2159-06.

*Adrian S. Shchuka* and *Alisa R. Hobart, assistant district attorneys*, for Commonwealth.
*Glenn A. Zeitz*, for defendant.

LUDGATE, *J.*, October 27, 2010—Kevin M. Bean (hereinafter petitioner) appeals from this court's opinion and order disposing of defendant's petition for Post-Conviction Relief, decided August 25, 2010. This court adopts and incorporates its opinions and orders of August 25, 2010 and March 20, 2007.

Petitioner's PCRA claims, primarily focusing on ineffective assistance of counsel, demonstrate how the availability of PCRA relief can permit a defendant to twist the trial record in order to scrutinize the minutiae of counsel's performance. This case also demonstrates, however, the sound reasons for giving counsel wide discretion in matters of trial strategy, and respecting decisions made by counsel under high pressure trial situations. Because petitioner fails to allege that his counsel was constitutionally deficient, and because petitioner's other claims are without merit, this court respectfully requests that petitioner's appeal be denied.

## FACTUAL AND PROCEDURAL HISTORY

On March 20, 2006, petitioner was charged with eight counts of aggravated assault, four counts of simple assault, two counts of recklessly endangering another person, and four counts of harassment stemming from an incident at Reading Hospital on March 19, 2006. Petitioner's jury trial began on January 17, 2007, and on January 22, 2007, the jury found petitioner guilty of count 5, aggravated assault, 18 Pa. C.S.A. §2702(a)(3); count 9, simple assault, 18 Pa. C.S.A. §2701(a)(1); and count 10, simple assault, 18 Pa. C.S.A. §2701(a)(1). Petitioner was

sentenced on February 5, 2007 to a period of incarceration of not less than one (1) nor more than four (4) years in Berks County Prison followed by eight (8) years of special probation under the supervision of the Pennsylvania Board of Probation and Parole.

On February 9, 2007, petitioner, through his attorney, Emmanuel Dimitriou, Esquire, filed a motion to reconsider sentence, which this court denied on February 12, 2007. Petitioner filed a timely notice of appeal. The Pennsylvania Superior Court affirmed judgment of sentence on April 7, 2008, and the Pennsylvania Supreme Court denied the petition for allowance of appeal on October 16, 2008.

On January 27, 2009, petitioner, through present counsel Glenn A. Zeitz, filed a timely petition for post-conviction relief (hereinafter "PCRA") and related documents. This court ordered petitioner and the commonwealth to file briefs no later than March 5, 2009 regarding the scope of a PCRA hearing to be held, if any. On February 10, 2009, petitioner's counsel requested this court amend its order to allow petitioner to file a response brief after the filing of the commonwealth's brief. This court denied the request on February 13, 2009 and reiterated its order that the commonwealth and defendant were to file briefs no later than March 5, 2009. The commonwealth timely filed its brief on March 4, 2009.

As of March 27, 2009, however, petitioner had not yet filed a brief. On that date, this court issued a notice of intent to dismiss the PCRA petition without a hearing

pursuant to Pa.R.Crim.P.907(1) for failure to file a brief. On April 6, 2009, petitioner filed a response to the court's notice of Intent and filed a listing of issues to be determined at a PCRA hearing. On April 21, 2009, this court dismissed petitioner's PCRA petition. Petitioner filed a notice of appeal from this court's dismissal on April 27, 2009 and on November 20, 2009, the Superior Court remanded the case for an evidentiary hearing on petitioner's PCRA claims. On June 2, 2010, the court held the evidentiary hearing pursuant to the remand.

Following the evidentiary hearing, this court issued an opinion and order dismissing petitioner's PCRA claims. Petitioner appealed on September 17, 2010, and, pursuant to this court's order, filed a concise statement of errors complained of on appeal on October 4, 2010.

## ISSUES RAISED BY PETITIONER

In his 1925(b) statement, petitioner alleges the following issues on appeal:

1. Whether trial counsel rendered ineffective assistance of counsel in his closing argument by twice conceding without the consent of his client that appellant-defendant Kevin M. Bean was at the very least guilty of simple assault which was then used by the commonwealth to satisfy the essential elements of 18 Pa. C.S.A. §2702(a)(3).

2. Whether the trial court erred by denying Mr. Bean a new trial based on newly discovered evidence which

would have established, inter alia, that Mr. Bean could not have intentionally or knowingly assaulted a member of a "protected class" under 18 Pa. C.S.A. §2702(a)(3) because he never saw the person he struck.

3. Whether Mr. Bean knowingly, voluntarily and intelligently waived his constitutional right to testify when he never stated or even acknowledged during his colloquy with the trial court to having discussed the "benefits and detriments of testifying" or that he was not "forced" to give up his right to testify; when the trial court never informed Mr. Bean that "juries sometimes do considered (sic) a defendant's silence when deliberating" or on other constitutionally essential information during the colloquy; and when trial counsel's basis for the waiver was unreasonable.

4. Whether trial counsel rendered ineffective assistance of counsel for failing to call Mr. Bean to testify as to the following:

a. He honestly misperceived deputy coroner Wally Woytovich's grabbing his arm as a threat necessitating physical self-defense which would have then formed the basis to admit the testimony of Dr. Timothy E. Ring in accordance with the court's decision in *Commonwealth v. Pitts*, 740 A.2d 726 (Pa. Super. 1989), and which also would have supported a defense theory of self defense.

b. He never had any prior contact with Mr. Woytovich which would have directly contradicted Mr. Woytovich's testimony that they had met at a funeral

director's meeting.

c. He did not strike Mr. Woytovich because of his status as deputy coroner.

5. Whether trial counsel rendered ineffective assistance of counsel for failing to argue prior to, during and after the trial that there was and is no reasonable basis in fact or law to support count 5 charging a violation of Pa. C.S.A. §2702(a)(3) and/or that aforesaid statute was unconstitutionally vague.

6. Whether trial counsel rendered ineffective assistance of counsel for failing to object to the points of charge as to count 5 and to propose certain points of charge pertaining to self defense.

7. Whether trial counsel rendered ineffective assistance of counsel for failing to meaningfully cross-examine Mr. Woytovich on certain areas of his testimony which would have lead to unequivocal answers directly exculpating Mr. Bean since the testimony would establish a lack of knowledge and intent on his part to commit a crime.

Based on the reasoning below, none of the petitioner's claims entitle him to relief under the PCRA. This court therefore respectfully requests that the petitioner's appeal be denied. In this discussion below, petitioner's claims have been rearranged in order to deal with the issues more concisely; the petitioner's claims from his Concise Statement have been referenced in the caption of each section.

## DISCUSSION

### I. *THE TRIAL COURT DID NOT ERR BY REFUSING TO GRANT A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE (Concise Statement #2).*

Petitioner alleges that the testimony of Mr. Woytovich provided during a related civil action constitutes newly discovered evidence sufficient to require a new trial. The PCRA permits relief where exculpatory evidence not available at trial "has become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). The standard for evaluating such evidence "on collateral review is different, and higher," than the standard on direct review in that the petitioner must show that the evidence would have resulted in a different outcome. *Commonwealth v. Soto*, 983 A.2d 212, 216 (Pa. Super. 2009). To obtain collateral relief, a petitioner must demonstrate that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806 opinion after remand 582 Pa. 233, 870 A.2d 837.

In this case, defendant fails to satisfy the first and fourth requirements enumerated in *D'Amato*. First, there is no indication in the record that defendant could not have obtained the "newly discovered" evidence at the time of trial. In fact, Mr. Woytovich testified at trial and

was cross-examined by defense counsel. See N.T. Trial at 401 et seq. This court disagrees that the deposition testimony is substantively different than the trial testimony. Woytovich's testimony at the criminal trial was "[a]s soon as I came up to the corner of that curtain, it was like I stopped for a half-a-second to make a turn, and then it was boom, boom. I was struck twice." N.T. Trial, p. 392. On cross-examination, Woytovich testified:

Q: Now, and your testimony, I believe, today, was that when you got there, you got behind the curtain, and then all of a sudden, Mr. Bean sucker punches you?

A: When I got to the position of the curtain, yes.

Q: Were you inside or outside of the curtain?

A: I was right at the corner of the curtain just ready to enter into the curtain area.

Q: So you did not enter. Is that what you are telling me?

A: Not into the curtain.

N.T. Trial, p. 402. During subsequent civil deposition, Woyotvich testified:

Q: Is there anything you can tell us that would indicate that you believe Kevin Bean must have known that you were behind him? Is there anything?

A: No, sir, I couldn't.

Q: Do you even know that he knew it was you who

grabbed the curtain? And when he turned around and struck you, how quickly was it after you had—?

A: Boom, boom. It was instantaneous.

Q: Do you know if he even saw you before he actually swung and hit you?

A: I really don't know that. I wouldn't think so. I think it was one of them things. The next person coming in, had it been a nurse, she would have gotten it, you know.

Deposition of Wally Woytovich, March 3, 2008, in civil case number 06-5600/06-5501, attached to transcript of PCRA hearing as defendant's exhibit 3, p. 192. Inconsistency, if any, between the criminal trial testimony and the civil deposition is only a matter of verbiage rather than substance. Any testimony "not discovered" by defense counsel may have been a result of strategy rather than omission. See supra §C. In essence, petitioner fails to show that he could not have obtained the evidence at the time of trial.

In addition, there is insufficient likelihood that the new evidence would compel a different verdict. An after-discovered evidence claim must be viewed in the context of the whole trial and relief may only be granted if the after-discovered evidence would have changed the outcome. *Commonwealth v. Kohan*, 825 A.2d 702 (Pa. Super. 2003). The commonwealth presented evidence regarding petitioner's knowledge of Mr. Woytovich's status as deputy coroner, as well as evidence from several witnesses

that defendant was the initial aggressor in the altercation. The jury found such evidence credible. Therefore, even assuming arguendo that the civil deposition testimony was "newly discovered," it does not go to petitioner's innocence. See *Commonwealth v. Redmond*, 577 A.2d 547, 552 (Pa. Super. 1990). (To be exculpatory, the new evidence must tend to establish the innocence of a defendant of the crimes charged, as differentiated from that which, although favorable, is merely collateral or impeaching.)

As such, the deposition testimony does not entitle petitioner to a new trial. See *Commonwealth v. Tizer*, 525 Pa. 315, 322, 580 A.2d 305, 308 (Pa. 1990) (denying motion for new trial where "it is doubtful that...[the new] testimony would be considered by a jury to be of such nature and character that a different verdict would result").

## II. *PETITIONER IS NOT ENTITLED TO PCRA RELIEF BASED ON HIS FAILURE TO TESTIFY AT TRIAL BECAUSE THE RECORD DEMONSTRATES THAT PETITIONER'S WAIVER OF SUCH RIGHT WAS KNOWING, INTELLIGENT AND VOLUNTARY (Concise Statement #3).*

"The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel." *Commonwealth v. Uderra,* 550 Pa. 389, 402, 706 A.2d 334, 340, cert. denied, 526 U.S. 1070, denial of post conviction relief aff'd, 580 Pa. 492, 862 A.2d 74 (2004). If a defendant waives his right to testify in a sworn

colloquy with the trial court, and indicates such waiver is voluntary, he will be held to such declaration. *Commonwealth v. O'Bidos*, 849 A.2d 243, 251 (Pa. Super. 2004), appeal denied, 580 Pa. 696, 860 A.2d 123. "A defendant will not be afforded relief where he voluntarily waives the right to take the stand during a colloquy with the court, but later claims that he was prompted by counsel to lie or give certain answers." *Commonwealth v. Lawson*, 762 A.2d 753, 755 (Pa. Super. 2000), appeal denied, 566 Pa. 638, 781 A.2d 141. See also *Commonwealth v. Schultz*, 707 A.2d 513, 520 (Pa. Super. 1997) (finding a "knowing, intelligent and voluntary" waiver where trial court colloquy revealed that defendant had "discussed the benefits and detriments of testifying with her attorney and, after considering the circumstances, voluntarily decided to remain silent").

In this case, the record indicates that petitioner's waiver of his right to testify was knowing, intelligent and voluntary. First, he consulted with his counsel both prior to and during the trial. At the PCRA hearing, trial co-counsel Kurt Geishauser testified that, the Saturday before trial was to begin, petitioner and his attorneys discussed whether petitioner should testify and petitioner agreed with counsel's recommendation that he not take the stand. N.T. PCRA, pp. 158-160. Second, petitioner himself acknowledged at the PCRA hearing that he had continuing discussions with his attorneys regarding whether or not he should testify. Under direct examination at the PCRA hearing, petitioner indicated that he chose to follow counsel's advice not to testify even though it

was contrary to his wishes. N.T. PCRA, p. 94. Finally, this court held a colloquy with petitioner at trial to ensure that he understood his right to testify and that the waiver of such right was knowing and voluntary:

THE COURT: Mr. Bean, if you would come forward.

KEVIN BEAN, Sworn.

THE COURT: Mr. Bean, you had indicated your lawyer said you weren't taking the stand. All I want to know is did you discuss that decision with Mr. Dimitriou?

THE DEFENDANT: Yes, I did.

THE COURT: And after discussing it with Mr. Dimitriou and perhaps with Mr. Geishauser, did you make your own mind up about whether or not you are going to testify here today?

THE DEFENDANT: Yes, I did.

THE COURT: That is all I need to know. I do that in every case.

Notes of Testimony, Jury Trial 1/17-2007-1/22/2007, (hereinafter N.T. Trial) at 546-47. (emphasis added)

The record thus indicates: (1) Mr. Bean had discussed his right to testify and understood his counsel's recommendation that he should not take the stand; and (2) Mr. Bean swore under oath that his waiver of such right was voluntary. Petitioner cannot now come before this court and claim that his testimony in the colloquy was untruthful. Under Pennsylvania law, where a

petitioner had discussions with counsel and waived his right to testify in court, he may not later claim his waiver was involuntary. Petitioner's first claim for relief is therefore without merit.

## III. *PETITIONER FAILS TO ALLEGE INEFFECTIVE ASSISTANCE OF COUNSEL SUFFICIENT TO JUSTIFY RELIEF UNDER THE PCRA.*

The remainder of petitioner's claims relate to ineffective assistance of trial counsel. The PCRA provides an avenue for relief where a counsel's representation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. §9543(a)(2)(ii). Courts reviewing ineffective assistance claims will presume counsel to be effective; the burden is on the defendant to prove otherwise. *Commonwealth v. Washington*, 592 Pa. 698, 719, 927 A.2d 586, 598 (Pa. 2007). Pennsylvania courts have adopted the standard elucidated in *Strickland v. Washington*, 466 U.S. 668 (1984), by employing a three-part test. *Commonwealth v. Pierce*, 515 Pa. 153, 158, 527 A.2d 973, 975. See also *Commonwealth v. Colavita*, 993 A.2d 874, 886-7 (Pa. 2010). To demonstrate ineffective assistance, the defendant must show: "(1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice." *Commonwealth v. Miller, 605 Pa. 1, 18, 987 A.2d 638, 648* (citing *Commonwealth v. Collins*, 598 Pa. 397, 408, 957 A.2d 237, 244.

The defendant's failure to satisfy any of the prongs invalidates his Sixth Amendment claim. *Commonwealth v. Williams*, 594 Pa. 366, 378, 936 A.2d 12, 19-20. Where counsel's actions had "any reasonable basis," the reviewing court will not evaluate whether another strategy would have been more successful. *Commonwealth v. Rios*, 591 Pa. 583, 599, 920 A.2d 790, 799. Further, if defendant fails to show prejudice, his "claim may be disposed of on that basis alone." *Commonwealth v. Paolello*, 542 Pa. 47, 76, 665 A.2d 439, 454. (citation omitted) Petitioner may not obtain relief by aggregating claims of ineffectiveness; each asserted instance of counsel's errors must satisfy the three-prong test. See *Commonwealth v. Dennis*, 597 Pa. 159, 214, 950 A.2d 945, 978. ·

**A. *TRIAL COUNSEL WAS NOT INEFFECTIVE FOR ALLEGEDLY CONCEDING THAT PETITIONER WAS AT LEAST GUILTY OF SIMPLE ASSAULT (CONCISE STATEMENT #1).***

Petitioner alleges that his trial counsel was ineffective for twice "conceding"—without Mr. Bean's consent—that Mr. Bean was "at least guilty of simple assault" in his closing argument. In his summation, Attorney Dimitriou stated,

> When I was talking about Mr. Bean and Mr. Woytovich, it's . . . the guy that throws the last punch is the guy that gets penalized....[T]he Judge will give you the definition for all these counts...I know very few lawyers would remember them...or that even understand them, and when you hear them, it is going

to be extremely difficult for you to try to understand each one. But...when you listen to the definitions and *when you realize that what's happening, at the very least, this is simple assault. This is certainly not aggravated assault by any definition.*

N.T. Trial at 603 (emphasis added). He concludes shortly thereafter:

I would hope that you have listened to the arguments and that . . . you return verdicts of not guilty because when you put all of this in perspective as to what happened that morning, what his state of mind was and how he reacted, that's where it is. *At the very least, it can't be anything more than simple assault.*

N.T. Trial at 604 (emphasis added).

Petitioner's argument ignores the context of counsel's statements; both times he mentions simple assault, the term is surrounded by qualifying language—"at the very least simple assault," and "can't be anything more than simple assault." Further, the challenged statements were made as an alternative to finding petitioner not guilty. Mr. Dimitriou indicated that petitioner was charged simply because he "threw the last punch." At the close of his summation, Mr. Dimitriou urged the jury to find petitioner not guilty, then requested the verdict of simple assault rather than aggravated assault.

Significantly, co-counsel Kurt Geishauser testifies credibly at the PCRA hearing that Mr. Dimitriou's closing argument the result of strategic decisions made by counsel

-- specifically that if the jury chooses to find petitioner guilty, it should be of simple assault not aggravated assault. Mr. Geishauser testified that, while counsel requested a finding of not guilty, "I would just say that Mr. Bean staring down the barrel of four Felony 1 Agg Assaults, four Felony 2 Agg Assaults, if we were going to concede a Misdemeanor 2 Simple Assault, I think that would by appropriate trial strategy. I don't believe, though, from this transcript that's what happened." (N.T. PCRA Hearing, June 2, 2010). The court agrees with Mr. Geishauser's testimony regarding this issue.

Petitioner's statement that defense counsel's "concession" allowed the commonwealth to satisfy its burden of proof with regard to count 5 and simple assault is false. Statements made by counsel are not evidence, and the jury was so instructed in this case. Statements made by defense counsel as part of their advocacy do not abrogate the commonwealth's obligation to prove each element of the crimes charged beyond a reasonable doubt. The jury was further instructed regarding the commonwealth's burden by the court in this case. See N.T. Trial, p. 626 et seq.

**B.  *TRIAL COUNSEL'S FAILURE TO CALL DEFENDANT AS A WITNESS DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL (CONCISE STATEMENT #4).***

A claim of ineffective assistance for trial counsel's failure to call the defendant as a witness is subject to the three step analysis enumerated above. To sustain a claim

that of ineffectiveness failing to call the defendant to testify, he must demonstrate either: "(1) that counsel interfered with his right to testify; or (2) that counsel gave advice so unreasonable as to vitiate knowing and intelligent decision to testify on his own behalf." *Commonwealth v. Breisch,* 719 A.2d 352, 355 (Pa. Super. 1998) (quoting *Uderra,* 706 A.2d 334). Where a defendant makes a knowing and voluntary waiver, there is no ineffective assistance of counsel. See *Schultz,* 707 A.2d at 520 ("While, in retrospect, appellant may believe her failure to testify prejudiced her, the fact remains that appellant's decision was fully informed and voluntary. As such, neither trial nor appellate counsel may be deemed ineffective in this regard.").

Specific allegations regarding the content of proposed testimony are not relevant where counsel's decision not to call the defendant as a witness was reasonable. Rather, such determinations are part of the trial strategy falling within the discretion of counsel. *Commonwealth v. McClellan,* 887 A.2d 291, 300 (Pa. Super. 2005), appeal denied, 587 Pa. 687, 897 A.2d 453 ("counsel's judgment must be viewed from counsel's perspective at the time and should not be second-guessed if it falls within the realm of professional reasonableness") (citing *Strickland,* 466 U.S. at 689). Based on testimony presented at trial and during the PCRA hearing, counsel's decision not to call petitioner as a witness fell within the ambit of reasonable trial strategy. As such, petitioner fails to demonstrate that counsel's advice was so unreasonable that no competent lawyer would have employed it.

1. Petitioner fails to demonstrate that trial counsel interfered with his right to testify.

In petitioner's case, there is no evidence of interference or compulsion. First, both the trial transcript and PCRA testimony demonstrate that petitioner had discussions with his trial attorney regarding whether to testify and chose not to do so after consultation. Second, the trial court conducted a colloquy with defendant to ensure his decision not to testify was voluntary. See §II, supra. Appellate courts have found similar colloquies sufficient to vitiate concerns regarding compulsion. See *O'Bidos*, 849 A.2d at 251(finding "appellant's waiver voluntary and informed and based on a reasonable strategy" where a colloquy with the court revealed that appellant had discussed the issue with his attorney).

2. Trial counsel had a reasonable basis for his recommendation that Petitioner not testify.

"Counsel is not ineffective where counsel's decision not to call the defendant was reasonable." *Breisch*, 719 A.2d at 355. In determining whether counsel had a reasonable basis for advising petitioner not to testify, reviewing court must accord broad discretion to trial counsel's tactics and strategy. *Commonwealth v. Thomas*, 560 Pa. 249, 744 A.2d 713. The fact that a chosen strategy was unsuccessful is irrelevant so long as the decision by counsel may be objectively viewed as one that is reasonably designed to benefit the client. *Commonwealth v. Battle*, 883 A.2d 641 (Pa. Super. 2005).

Where a defendant's testimony may "open the door" to

evidence harmful to the defendant, counsel's advice that defendant not testify is presumptively reasonable. See, e.g., *Commonwealth v. Whitney*, 550 Pa. 618, 631, 708 A.2d 471, 477 (where defendant's testimony would have resulted in the admission of incriminating statements and a prior conviction, defendant failed to show that counsel was unreasonable or that the decision prejudiced defendant); *O'Bidos*, 849 A.2d at 250 (trial counsel was not ineffective in choosing not to call defendant as a witness where "there were [incriminating] issues that could be brought out on cross-examination if appellant testified").

Testimony at the PCRA hearing in this case demonstrates that petitioner's attorneys advised him against testifying because the commonwealth could then question petitioner on a number of issues potential harmful to his case. Co-counsel Geishauser testified that he and attorney Dimitriou were concerned about trying a "case within a case"—namely, if the defendant took the stand, evidence concerning the circumstances of his wife's death, their separation and pending divorce, a no-contact order and domestic abuse charges would be admissible. N.T. PCRA, p. 146. Because such evidence would damage the defense case, trial counsel had a reasonable basis for recommending that the defendant not testify.

3. Petitioner was not prejudiced by trial counsel's failure to call him as a witness.

Even if counsel did not act reasonably, however, petitioner's claim would still fail because he was not prejudiced by the acts or omissions of counsel. The

PCRA court must evaluate the alleged ineffectiveness in the context of the entire proceeding; a petitioner may not raise ineffective assistance claims in a vacuum. *Commonwealth v. Morris*, 546 Pa. 296, 312, 684 A.2d 1037, 1045 (Pa. 1996), cert. denied, 521 U.S. 1106 (1997). See also *Commonwealth v. Martin*, 2010 WL 3222018 (Pa. August 17, 2010) (when the PCRA court holds an evidentiary hearin, "fact-based findings...should be given great deference, particularly where...the PCRA court judge also served as the trial court judge. Factual findings will not be disturbed on appeal if they are supported by the record, even where the record could support a contrary holding."). (citation omitted)

At the PCRA hearing, petitioner contends that he would have testified to the following had his attorney called him as a witness at trial: (1) Petitioner had a honest belief that Mr. Woytovich's conduct constituted a threat; (2) petitioner never had any prior contact with Mr. Woytovich; and (3) petitioner did not strike Mr. Woytovich because of his status as deputy coroner. Petitioner has failed to demonstrate that this specific testimony, if admitted at trial, would have a reasonable probability of changing the verdict.[1]

*Commonwealth v. Morris*, 546 Pa. 296, 312, 684 A.2d 1037, 1045 (Pa. 1996), cert. denied, 521 U.S. 1106 (1997). See also *Commonwealth v. Martin*, 2010 WL 3222018

---

1. In addition, given that petitioner testified in open court that the he made up his own mind about not taking the stand, but then testified in the PCRA proceeding, which occurred following his conviction, that he was coerced into remaining silent, this court found that petitioner's PCRA testimony was not credible.

(Pa. August 17, 2010) (when the PCRA court holds an evidentiary hearin, "fact-based findings...should be given great deference, particularly where...the PCRA court judge also served as the trial court judge. Factual findings will not be disturbed on appeal if they are supported by the record, even where the record could support a contrary holding."). (citation omitted)

*a. Petitioner's proposed testimony regarding the allegedly threatening conduct of Mr. Woytovich.*

Petitioner posits that, had he been able to testify, he would then be able to raise self-defense and/or a defense theory based on *Commonwealth v. Pitts*, 740 A.2d 726, 733 (Pa. Super. 1999). In petitioner's direct appeal, the Superior Court rejected petitioner's potential self-defense claim based on *Pitts*:

Even if we were to conclude that evidence of appellant's bona fide belief existed so as to make the expert testimony relevant, the record shows that appellant utterly failed to meet his second burden of proving the existence of objective facts necessary to trigger the belief....The record . . . was devoid of any plausible, objective evidence that the actions of others around him triggered a post traumatic stress disorder-induced act of self-defense. As appellant could not thus prevail under his defense without such objective evidence, any error the trial court may have committed in excluding

Dr. Ring's testimony could not have contributed to the verdict and was, accordingly, harmless.[2]

*Bean*, Non-Precedential Decision, Pa. Super. Ct. Internal Operating P. §65.37 at 14 (emphasis added). Similarly, because petitioner could not satisfy the requirement that his belief of imminent dangers was objectively reasonable, any error on his counsel's part for not calling petitioner as a witness did not prejudice petitioner, and therefore did not constitute ineffective assistance of counsel.

*b. Petitioner's proposed testimony that he had no prior contact with Mr. Woytovich*

At trial, Mr. Woytovich testified on direct examination that he had met petitioner at a March 19, 2006 funeral director's meeting. Petitioner claims Mr. Dimitriou was ineffective for failing to call petitioner to testify that he had no prior contact with Mr. Woytovich. Petitioner fails to demonstrate the prejudice required for an ineffectiveness claim because petitioner's testimony would be cumulative, and "[t]rial counsel will not be found ineffective for failing to call a witness whose testimony would be cumulative." *Commonwealth v. Gibson*, 597 Pa. 402, 442, 951 A.2d

---

2. The Superior Court reviewed the trial transcript and concluded that the evidence did not support petitioner's claim: "The only evidence of objective facts in appellant's favor was Officer Brown's testimony that the police report accurately recorder Woytovich's statement that he grabbed appellant's hand to prevent him from touching Mrs. Bean's body. Yet, every other witness to this event, including a number of dispassionate, disinterested persons, gave detailed, first-hand accounts that Appellant initiated physical contact without being touched by Woytovich or any other provocation. Moreover, Woytovich himself vehemently denied the accuracy of the police report statement attributed to him on this particular point." *Bean*, Non-Precedential Decision, Pa. Super. Ct. Internal Operating P. §65.37 at 14.

1110, 1134. Where a witness has presented testimony regarding the facts petitioner seeks to introduce, counsel is not required call additional witnesses to present the same testimony. See *Commonwealth v. Meadows*, 567, Pa. 344, 358, 787 A.2d 312, 320.

At trial, George Hetrick, the Secretary of the Funeral Director's Association, testified at trial that he attended the meeting in question and had personal knowledge of the attendees at the meeting in question. Mr. Hetrick testified that Mr. Bean had not attended that specific meeting, and, further, that Mr. Bean had not attended the association's meetings for "three to four years." N.T. Trial, pp. 518-519. Given that petitioner would have testified that he did not attend the meeting in question, his testimony would be cumulative and he was therefore not prejudiced.[3]

*c. Petitioner's proposed testimony regarding Mr. Woytovich's status as deputy coroner*

Petitioner contends that counsel's refusal to have petitioner testify was ineffective because petitioner's testimony would have enabled the jury to determine petitioner did not strike Mr. Woytovich because of his status as deputy coroner. Testimony at the PCRA hearing, however, belies petitioner's contentions. Under cross-examination, petitioner testified that as a funeral director, he knew that "under certain circumstances," the coroner's

---

3. Additionally, although Mr. Woytovich testified at trial that he believed he had seen Petitioner at the March 15 meeting, N.T. Trial at 386, defense counsel cross examined him regarding this issue, eliciting the following admissions: (1) Mr. Woytovich was "not sure" that he met Mr. Bean; and (2) Mr. Woytovich had no contact with Mr. Bean on at that meeting or on any prior occasion. N.T. Trial, pp. 413-414.

office has sole legal authority to take control of a body that a doctor does not pronounce dead. N.T. PCRA, p. 113. As a funeral director, petitioner worked with the coroner's office "regularly" when the coroner's office released bodies to petitioner. N.T. PCRA, p. 113. A jury could find that petitioner should have known Mr. Woytovich was a representative of the coroner's office based on the following exchange:

Q: So you would agree with me that a jury could conclude that when someone comes up to you and says you can't touch the body, you should have known the person was from the coroner's office?

A: Absolutely

N.T. PCRA, pp. 113-114. Had petitioner testified at trial, the commonwealth would have elicited the above information. Such impeachment would have undermined petitioner's contention that he was unaware of Mr. Woytovich's status.[4]

Based on petitioner's testimony at the PCRA hearing and the trial testimony of other witnesses referenced

---

4. Petitioner's testimony would have been further contradicted by the following testimony of trial witnesses: (1) Mr. Woytovich informed petitioner that he could not touch his wife's body, N.T. Trial, p. 263; (2) petitioner told Mr. Woytovich, "You can't tell me what to do with my wife. You're just like them," N.T. Trial, p. 263; and (3) deputy coroners wear identification badges. Mr. Woytovich testified that he wore his identification badge around his neck. N.T. Trial, pp. 384-5. Deputy Coroner Terri Stracka, who was working with Mr. Woytovich on the day in question, testified that she wore an indentification badge on her belt. N.T. Trial, pp. 373-4. Deborah Byerly-McFarlin, who was in the family room at Reading Hospital on the morning of Mr. Bean's death, testified both that Mr. Woytovich and Ms. Stracka wore identification badges. N.T. Trial, p. 260.

above, petitioner was not credible when he testified regarding his lack of knowledge of Mr. Woytovich's status, and his testimony would not have a reasonable probability of changing the outcome of the trial. Pursuant to *Johnson*, 966 A.2d at 540, therefore, petitioner's allegations of ineffective assistance on this issue fail to demonstrate prejudice and are without merit.

## VI. *COUNSEL'S ALLEGED ACTS AND OMISSIONS REGARDING COUNT 5 FAIL TO CONSTITUTE INEFFECTIVE ASSISTANCE (Concise Statement #5).*

Count 5 of the criminal complaint against petitioner alleged a violation of 18 Pa. C.S.A. §2702(a)(3) which provides that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury" to a class of protected persons in the performance of their duties. The list of protected persons includes, inter alia, "a local law enforcement official" and "any person employed to assist or who assists any Federal, State or local law enforcement official." 18 Pa. C.S.A. §2702(c). Petitioner was convicted under §2702(a)(3) for his attack on Mr. Woytovich, a deputy coroner performing his duties.[5]

1. *Counsel's lack of challenge to the factual/legal basis for Count 5 was not ineffective because counsel's decision was reasonable and Petitioner was not prejudiced thereby.*

At the PCRA hearing, petitioner contended that

---

5. At the PCRA hearing, neither party disputed that Mr. Woytovich was acting in the course of his duties when the assault occurred.

his counsel was ineffective for failing to object to the inclusion of Mr. Woytovich as deputy coroner in the class of persons protected by the statute. Petitioner further complains that "Mr. Geishauser was unable to produce any legal research concerning the research he actually conducted on this issue . . ." Petitioner's Brief at 12. In matters of trial strategy, however, counsel cannot be held ineffective where there is *any* reasonable basis for his actions, even if other alternatives were more reasonable. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, *604,* 235 A.2d 349, 352-3 (Pa. 1967). If, after investigation, the defense team determined that the issue was without merit, it was within their discretion to decline to raise it.

Testimony at the PCRA hearing confirms that defense counsel investigated the protected class issue, but declined to pursue it as a strategy - an entirely reasonable decision in the context of this trial. Mr. Geishauer indicated that (1) he performed legal research on the issue; (2) the defense team discussed whether a deputy coroner was covered under §2702(c)(20) (one who assists law enforcement officers; and (3) the defense team determined that a deputy coroner was covered by the statute and that they therefore would not challenge that aspect of the commonwealth's case. The fact that Mr. Geishauer did not produce a specific memorandum or case does not mean that the defense team ignored the issue; in preparing for trial, many issues will be researched and discussed without the production of written documentation. In addition, the court found Mr. Geishauser's testimony to be credible.

Further, petitioner was not prejudiced by the failure of counsel to challenge the statute. Although a deputy coroner is not specifically included in the class of person protected by the statute, he qualifies as a local law enforcement officer or, at a minimum, a person who assists local law enforcement officers. The Coroner's Act, 16 Pa.C.S.A. §1237(a), et seq., requires a coroner to conduct an investigation into certain types of deaths. See *Johnstown Tribune Publishing Co. v. Ross*, 871 A.2d 324, 328 (Pa. Comm. Ct. 2005) ("The purpose of the [coroner's] investigation shall be to determine the cause of any such death and to determine whether or not... any such death may have resulted from criminal acts or criminal neglect of persons other than the deceased."). As such, a deputy coroner serves a law enforcement function in Pennsylvania. *Marvin v. Monroe County*, 25 A.2d 781, 782 (Pa. Super. 1944). Pursuant to statute, coroners and their designees perform quasi-judicial functions as well: "[I]n cases of violent or suspicious death, a coroner or his property authorized designee may conduct an inquest in lieu of a preliminary hearing and act as a committing magistrate." *Commonwealth v. Taylor*, 933 A.2d 1035 (Pa. Super. 2007). (citations omitted) Finally, coroners have sufficient law enforcement and investigatory powers to trigger the applicability of Fourth Amendment: "Given [a coroner's] statutory and common law powers, we will assume that a coroner investigating a suspicious death has the same status as a police officer investigating any suspected crime." *Commonwealth v. Anderson*, 385 A.2d 365, 371-2 (Pa. Super. 1978).

Because coroners have the legal and procedural obligations of law enforcement officers, they should also have the protection intended by the legislature in passing §2702(a)(3). The legislature's inclusion of not only law enforcement officers, but those who assist them, evidences an intent to protect persons such as coroners, whose position includes investigate and judicial in conjunction with local police departments and district attorneys. As such, petitioner would not have prevailed on his challenge to count 5. Because petitioner was not prejudiced by his attorney's failure to raise the issue of whether a coroner is a protected person under §2702(a)(3), he cannot prevail on this claim of ineffective assistance.

*2. Counsel was not ineffective for failing to challenge §2703(a)(3) as void for vagueness.*

Where a defendant alleges that ineffective assistance for failure to argue a statute is void for vagueness, the defendant must demonstrate how the law "might be unconstitutionally applied to him while constitutionally applied to others." *Commonwealth v. May*, 587 Pa. 184, 206, 898 A.2d 559, 572 (Pa. 2006). Where a defendant only "attacks the statute as whole," he fails to demonstrate arguable merit as required to prove ineffective assistance of counsel. *Id.* See also *Commonwealth v. Monaco*, 869 A.2d 1026, 1030-1 (Pa. Super. 2005) (failure of counsel to raise a meritless constitutional claim is not ineffective).

In this case, none of petitioner's arguments indicate that petitioner would be subject to differential treatment sufficient to make the statute void for vagueness. His

claim therefore lacks arguable merit and trial counsel was not ineffective for failing to raise it.

## VII. *COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO PROPOSE POINTS FOR CHARGE REGARDING SELF DEFENSE OR FAILING TO OBJECT TO POINTS FOR CHARGE REGARDING COUNT 5 (Concise Statement #6).*

Petitioner contends that defense counsel was ineffective for failing to object to the points of charge as to count 5 and for not requesting points for charge relating to self-defense. For the reasons stated above, petitioner fails to show ineffectiveness related to the jury charge because counsel's approach to the "protected class" argument was reasonable, and because petitioner would not have prevailed in challenging the deputy coroner's protection under the statute, so petitioner was not prejudiced.

## VIII. *COUNSEL'S CROSS-EXAMINATION OF WOYTOVICH WAS REASONABLY RELATED TO TRIAL STRATEGY AND NOT INEFFECTIVE (Concise Statement #7).*

Finally, petitioner contends that the Mr. Dimitriou was ineffective for not cross examining Mr. Woytovich on the following issues: (1) whether Mr. Woytovich ever entered Room D-1 where the assault took place; and (2) the extent of Mr. Bean's knowledge or intent with regard to the assault. The record in this case belies petitioner's claim. Mr. Dimitriou cross-examined Mr. Woytovich at length regarding the layout and positioning of the Room D-1. See N.T. Trial, pp. 401-3, 422-4. Mr. Dimitriou also impeached Mr. Woytovich with prior inconsistent

statements he made to Officer Brown following the assault. See N.T. Trial, pp. 403-6. While petitioner cites numerous statements from the PCRA hearing that supposedly demonstrate a lack of meaningful cross-examination, these statements are not sufficiently inconsistent with the testimony at trial, and, any differences, if any, are merely in form rather than substance. See N.T. PCRA, pp. 70-71, 142-149.

Pennsylvania courts have consistently held that counsel is not ineffective where his trial tactics had a reasonable basis: "The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that the trial counsel's decision had any reasonable basis." *Commonwealth v. Hawkins*, 586 Pa. 366, 389, 894 A.2d 716, 730. See also *Commonwealth v. Clemmons*, 505 Pa. 356, 366, 479 A.2d 955, 960 (claim that PCRA petitioner would have "perhaps impeached the witness in a different way or by a different style" is a "classic hindsight evaluation of the record" and does not constitute ineffective assistance of counsel).

Here, Mr. Dimitriou conducted a thorough cross examination regarding the events in question and the actions of each participant. The fact that he did not ask every possible question does not make his trial strategy ineffective. See *Commonwealth v. DeHart*, 539 Pa. 5, 16, 650 A.2d 38, 43 (finding no ineffectiveness where trial

counsel conducted a thorough cross examination).

## CONCLUSION

Based on the facts of this case and the applicable statutes and case law, this court concluded that defendant was not entitled to PCRA relief. Therefore, this court respectfully requests that petitioner's appeal be denied.