689 A.2d 950

**COMMONWEALTH of Pennsylvania**

**v.**

**Fred Edward CONNOLLY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1997.

Filed Feb. 14, 1997.

134

Warner Mariani, Pittsburgh, for appellant.

Michael Streily, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before KELLY, HUDOCK and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Perhaps no case more aptly demonstrates the accuracy of the truism that crime doesn't pay than the present one. Indeed, for Fred Edward Connolly, crime actually cost $20.00 and four-to-eight years imprisonment.

While working the night shift at a convenience store, Nancy Rogers was approached by Fred Edward Connolly, appellant herein. At first blush, the transaction appeared mundane. Appellant placed some groceries on the counter and handed Ms. Rogers a twenty-dollar bill. As Ms. Rogers opened the cash drawer to make change, however, appellant reached across the counter and attempted to grab the drawer. A struggle ensued, during which appellant grabbed Ms. Rogers, threw her to the ground and threatened to kill her. When Ms. Rogers began to scream for help from the store manager, however, the tussle abruptly ended and appellant fled the scene. In all, appellant netted -$20.00 from the botched robbery, having left his money behind in the hasty retreat.

On the day set for trial, appellant arrived at the Allegheny County courthouse clothed in prison garb. His attorney, Allegheny County Public Defender Michelle Collins, informed the court that, although a suit was brought to appellant at the Mercer jail, it was left behind in the property room when appellant was transported to Pittsburgh. Additionally, counsel informed the court that she had called appellant's nephew, who, in turn, told counsel that he had called appellant's brother and that there was nothing else he could do for appellant.

After addressing the court on this matter, counsel then informed the court that, although appellant claimed to have sent her a list of potential character witnesses, she had no record of having received it. At this point, the court questioned appellant and allowed him to return to the holding area to retrieve his address book. Counsel then attempted to call the three people that appellant identified to the court. One person told counsel that he had recently spoken with appellant about the pending trial, but that appellant had never asked him to testify on his behalf and, additionally, that he was not available to come to court. A message was left for a second individual, and the third could not be reached.

Later that day, following the testimony of two of the three Commonwealth witnesses, the court inquired as to the progress made, if any, in reaching the remaining two potential character witnesses. Counsel relayed that she left another message for the second individual and had managed to leave a message for the remaining man. Following this exchange, the jury was brought back to the courtroom and the case recommenced.

At the close of testimony on the first day of trial, the court indicated that it was willing to give counsel additional time in which to locate potential character witnesses. Also, the assistant district attorney stated that the Commonwealth would have no objection to a continuance. Counsel then conferred with appellant briefly and indicated that the defense was resting its case.

The next day, following jury deliberations, appellant was adjudged guilty as to all counts; robbery, terroristic threats and simple assault. Appellant waived his right to a presentence report and was immediately sentenced to an aggregate term of four-to-eight years imprisonment.

In this *nunc pro tunc* appeal, appellant alleges ineffectiveness of trial counsel for: (1) failing to call character witnesses and; (2) allowing the case to proceed to trial while appellant was wearing prison clothes.

To begin, we outline the well-settled standard of review for claims challenging counsel's stewardship. In order to prevail, appellant must demonstrate that the underlying claim is of arguable merit, that counsel's actions had no reasonable basis designed to effectuate appellant's interests and that counsel's actions prejudiced appellant. *See, e.g., Commonwealth v. Jones,* 546 Pa. 161, 175, 683 A.2d 1181, 1188 (1996); *Commonwealth v. Lam,* 453 Pa.Super. 497, 507, 684 A.2d 153, 158 (1996). A presumption of effectiveness exists, so the burden of establishing ineffectiveness rests squarely upon appellant. *Jones,* 546 Pa. at 175, 683 A.2d at 1188.

In order to present an issue of arguable merit premised upon counsel's failure to call character witnesses, it must be established that: (1) the witness existed; (2) the witness was available; (3) counsel knew or should have known of the witness; (4) the witness was willing to testify on appellant's behalf at trial; and (5) the absence of the witness's testimony prejudiced appellant. *See, e.g., Commonwealth v. Smolko,* 446 Pa.Super. 156, 171, 666 A.2d 672, 679 (1995).

Instantly, appellant's proffer fails to establish the threshold requirement of presenting a claim of arguable merit. Appellant bears the burden of demonstrating to this Court that a proposed witness was able, willing and ready to testify beneficially and that the lack of such testimony prejudiced him. While appellant has provided the names of three potential witnesses, he has not attempted to show that they were willing to testify, nor has he indicated, by way of affidavit or the like, what the substance of their testimony would be. Both this Court and our Supreme Court have previously held that unsupported allegations such as these do not merit relief, and we reaffirm the same today. *See, e.g., Commonwealth v. Lee,* 541 Pa. 260, 274–77, 662 A.2d 645, 653–54 (1995); *Smolko,* 446 Pa.Super. at 171–72, 666 A.2d at 679. Were this not the case, we would be required to ignore our prior holdings and assess counsel's representation in a vacuum.

Having determined that appellant's offer of proof with respect to the first prong of the ineffectiveness test is defi-

cient, we hold that appellant is not entitled to relief. It is axiomatic that counsel cannot be found ineffective for failing to pursue a futile or meritless course of action. *Lam,* 453 Pa.Super. at 507, 684 A.2d at 158.

Next, we consider whether counsel was ineffective for allowing appellant's case to proceed to trial while appellant was clothed in prison attire. This Court has previously held that the "failure of counsel to object to the appearance of a defendant before the jury in prison garb is a serious omission." *Commonwealth v. Gray,* 415 Pa.Super. 77, 106, 608 A.2d 534, 548 (1992). This is especially so when a defendant exercises his constitutional right to a jury, as opposed to a bench, trial. *Id.* We have explained the rationale for this position as follows:

> Under our system of criminal justice, defendants are presumed innocent until proven guilty. The burden is on the state to bring forth evidence to overcome that presumption and to prove defendant guilty beyond a reasonable doubt. Such evidence, however, must be competent and probative. It cannot rely for its value upon prejudice and fear. It cannot insinuate without rationale . . .
>
> A defendant in prison garb gives the appearance of one whom the state regards as deserving to be so attired. It brands him as convicted in the state's eyes. It insinuates that the defendant has been arrested not only on the charge being tried but also on other charges for which he is being incarcerated.

*Gray,* 415 Pa.Super. at 106, 608 A.2d at 548.

A review of the record in the present case indicates that, while counsel brought to the court's attention the fact that appellant was "obviously in his prison-bound clothes," she did not request a continuance so that civilian clothes could be brought to the courthouse. TT 3–23–95 at 15. Indeed, other than merely stating the obvious to the court, there were no motions or arguments with respect to this matter at any time.

Effective representation of a criminal defendant entails more then presenting a vigorous and cogent defense. There

also exists the duty to portray one's client in as favorable a light as possible so that the jury may view him as a fellow citizen clothed in the protective shroud of innocence rather than a state correctional institution jumpsuit. We are therefore constrained to find that appellant has presented a claim of arguable merit and that counsel had no reasonable basis designed to effectuate appellant's interests in failing to object to appellant's appearance before the jury in a state correctional institution uniform.

■ This being so, our inquiry must now turn to whether counsel's ineffective representation of appellant prejudiced him to the point that "but for the act or omission in question, the outcome of the proceeding would have been different." *Jones,* 546 Pa. at 175, 683 A.2d at 1188. In this, we are guided by our previous holdings, which require a harmless error analysis to determine whether overwhelming evidence of appellant's guilt was introduced at trial such that "there is no reasonable probability that appellant's appearance in prison garb ... contributed to his conviction." *Commonwealth v. Kellum,* 339 Pa.Super. 513, 519–21, 489 A.2d 758, 762 (1985). *See also, Gray,* 415 Pa.Super. at 106, 608 A.2d at 548.

At trial, the jury heard testimony from three witnesses: the victim, the officer who responded to the call from the store, and the officer who apprehended appellant approximately one mile from the market after receiving a radio broadcast describing the perpetrator. The victim identified appellant as her assailant and testified that he: (1) grabbed and attempted to flee with the cash drawer; (2) grabbed her clothes and pushed her to the floor; and (3) twice threatened to kill her. TT 3–23–95 at 37–42. This testimony, in and of itself, is sufficient to support convictions for the robbery, simple assault and terroristic threat charges of which appellant was adjudged guilty.

Next, the two officers corroborated the victim's testimony by stating that, at the time of his arrest just minutes following the crime, appellant's clothes and physique matched the victim's description. Additionally, they testified that the victim

140

did not hesitate in identifying appellant and that, at the time of the identification, the street was well lit.   TT 3–23–95 at 69, 84, 88.

Based upon the foregoing, we hold that appellant has failed to prove that his counsel's faulty representation resulted in actual prejudice.   Appellant did not present a defense, but rather exercised his right to remain silent and require the Commonwealth to prove his guilt beyond a reasonable doubt.   This, of course, is his prerogative.   Apparently, the jury chose to believe the testimony of the three Commonwealth witnesses.   We cannot say that their determination was irrational, arbitrary, capricious or the result of fear or prejudice.

Because all three prongs of the ineffectiveness test must be satisfied before a proponent is entitled to relief, we find that appellant's second and final claim must fail.

Judgment of sentence affirmed.