COMMONWEALTH of Pennsylvania,

v.

Deborah SCHULTZ, Appellant.

Superior Court of Pennsylvania.

Submitted July 14, 1997.

Filed Dec. 22, 1997.

Sue A. Pfadt, Erie, for appellant.

Joseph P. Conti, Dist. Atty., for the Com., appellee.

Before EAKIN, SCHILLER and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

On May 28, 1993, Deborah Schultz, appellant herein, was charged by criminal information with one count each of arson, recklessly endangering another person and causing or risking a catastrophe, as well as three counts of criminal conspiracy to commit the above-related substantive offenses. In January of 1994, appellant and her co-defendant, Ricky Lee Pristello, proceeded to a joint trial by jury. Following deliberations, appellant was found guilty of the substantive offenses with which she was charged and was acquitted of the three criminal conspiracy charges.

Following the preparation of a pre-sentence report, appellant appeared for sentencing before the Honorable George Levin of the Court of Common Pleas of Erie County. Judge Levin sentenced appellant in the mitigated range of the suggested guideline sentences to an aggregate term of fifty to one hundred months' incarceration. Post-sentence motions were timely filed and denied.

Thereafter, appellant effectuated a direct appeal to this Court which, on March 31, 1994, affirmed the judgment of sentence. *See Commonwealth v. Schultz,* 440 Pa.Super. 653, 655 A.2d 1048 (1994). On May 12, 1995, appellant's petition for allowance of appeal to our Supreme Court was denied. *See Commonwealth v. Schultz,* 540 Pa. 648, 659 A.2d 987 (1994). Throughout the trial and direct appeal process, appellant was represented by Joseph P. Burt, Esquire, of the Erie County Public Defender's Office.

On May 30, 1995, appellant filed a *pro se* petition for collateral relief pursuant to the Post–Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541 *et seq.* Attorney Elliot J. Segal was appointed as counsel for appellant and directed to file an amended post-conviction petition. On June 4, 1996, following the filing of said petition, the Honorable Ernest J. DiSantis denied appellant's request for relief. After filing a timely notice of appeal to this Court, Attorney Segal petitioned for, and was granted, leave to withdraw his representation of appellant. By court order, Sue Anthony Pfadt, Esquire, was appointed as appellate counsel.

Seeking to terminate her representation of appellant, Attorney Pfadt has, contemporaneous with her filing of a brief in this matter, filed what she styles an *Anders* brief with this Court. We note, initially, that briefs filed pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and its state counterpart *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), are only appropriate when seeking to withdraw from representation of a client on direct appeal. In a collateral attack, such as the instant matter, counsel seeking leave to withdraw must file a document comporting with the requirements of *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). This distinction is not merely one of semantics. Rather, as our Supreme Court held in *Turner,* because a collateral petitioner has a statutory, but not a constitutional, right to counsel, the requirements for withdrawal from a collateral appeal are less cumbersome. *Turner, supra.*

When seeking leave to withdraw representation from a collateral appeal, counsel must file a "no-merit" letter that (1) details the nature and extent of counsel's review (2) lists each issue the petitioner wishes to raise, and (3) explains why those issues lack merit. *See Commonwealth v. White*, 449 Pa.Super. 386, 392, 674 A.2d 253, 256 (1996). Once counsel has complied with these requirements, withdrawal will be permitted if, after independent review, we conclude that the issues raised by appellant do not support a grant of relief (*i.e.*, the issues lack merit). *See Commonwealth v. Bishop*, 435 Pa.Super. 211, 214, 645 A.2d 274, 275 (1994). This is distinguishable from the requirements for withdraw from a direct appeal. In that situation, counsel will not be permitted to withdraw unless all issues presented on appeal are wholly frivolous (*i.e.*, the issues lack arguable merit). *See Thornton v. Bd. of Probation and Parole*, 525 Pa. 180, 578 A.2d 1289 (1990).

The petition filed by Attorney Pfadt states that she has reviewed appellant's entire file, that she has analyzed the issues on appeal, and that she has researched the same. Further, the brief filed by counsel lists the issues appellant wishes to raise and explains why they lack merit. We are convinced that Attorney Pfadt has satisfied the requirements for filing a "no-merit" letter.

This said, we proceed to an independent evaluation of appellant's petition for collateral relief. Finding that appellant is due no relief, we affirm the order of the trial court dismissing appellant's petition and grant Attorney Pfadt's petition to withdrawal.

When examining a post-conviction court's denial of relief, our scope of review is limited to a determination of whether the court's findings are supported by the record and are otherwise free of legal error. *See, e.g., Commonwealth v. Gaskins*, 692 A.2d 224, 226 (Pa.Super.1997). The findings of the post-conviction court will not be disturbed unless they have no support in the

record. *Id.* Additionally, we note that there is no absolute right to a hearing pursuant to the PCRA. Rather, the post-conviction court may elect to dismiss a petition if it has thoroughly reviewed the claims presented and determined that they are utterly without support in the record. *Id.*

As all of appellant's present claims relate to the quality of prior counsels' representation, we will outline the applicable standard of review at the outset. In order to prevail, appellant must demonstrate that the underlying claim is of arguable merit, that counsel's actions had no reasonable basis designed to effectuate her interests and that counsel's actions prejudiced her. *See, e.g., Commonwealth v. Patterson*, 456 Pa.Super. 202, 205, 690 A.2d 250, 252 (1997); *Commonwealth v. Connolly*, 456 Pa.Super. 133, 136, 689 A.2d 950, 952 (1997).

In her first issue, appellant claims that trial counsel was ineffective in failing to move for severance of her trial from that of her co-defendant and that appellate counsel was ineffective for failing to present this issue on direct appeal.[1] The decision whether to grant a severance rests in the sound discretion of the trial court. Absent a manifest abuse of that discretion, this Court will not disturb the trial court's ruling. *See, e.g., Commonwealth v. Jones*, 542 Pa. 464, 485, 668 A.2d 491, 501 (1995).

In making its determination, the trial court must consider whether judicial economy will be served by trying two or several defendants together and, if so, whether this convenience is outweighed by the possibility of actual prejudice to the defendants. *Id. See also Commonwealth v. Zaslow*, 448 Pa.Super. 289, 671 A.2d 707 (1996). Additionally, our Courts have consistently held that there is a clear preference in this Commonwealth for trying defendants charged with conspiracy together and, thus, "avoiding the expensive and time-consuming duplication of evidence." *Jones*, 542 Pa. at 486, 668 A.2d at 501. Finally, "[w]hile the

---

1. In its opinion, the trial court states that appellant's challenges to the effectiveness of trial counsel "have been effectively waived by failure of appellate counsel to raise them on direct appeal." Slip op., 3/13/97 at 3. We find, however, that because these claims have been presented in the form of layered ineffectiveness, challenging the stewardship of both trial and appellate counsel, appellant's claims have been preserved for collateral review.

possibility of conflicting and antagonistic defenses is a factor to be considered," the movant "must show a real potential for prejudice and not just mere speculation." *Id.*

■ With this in mind, we turn to the facts of the instant matter. Appellant has alleged that the joint trial resulted in actual prejudice and, in fact, was a substantial factor in bringing about her conviction. Additionally, the record plainly reveals that trial counsel did not make a pre-trial motion for severance. Nevertheless, because the filing of such a motion would have been futile, counsel's inaction was reasonable.

Following the fire that consumed their apartment, appellant and her boyfriend, Ricky Lee Pristello, were interviewed by fire and police detectives. The pair claimed that, while moving out of their apartment because they were being evicted, the fire was accidentally started when one of them left a cigarette burning on the couch. *See, e.g.,* N.T. 1/11/94 at 87–89. This story was maintained by both appellant and Mr. Pristello until Mr. Pristello testified at trial in his own behalf. At that point, Mr. Pristello implicated appellant, swearing that she deliberately set the fire and that he initially lied to police and fire investigators to protect appellant from prosecution. *Id.* at 129–133. After this damning testimony, appellant's counsel cross-examined Mr. Pristello extensively and, eventually, Mr. Pristello stated that he, in fact, was solely responsible for the fire and that his implication of appellant the previous afternoon was done in anger. *See, e.g.,* N.T. 1/12/94 at 8–9.

From these facts, we conclude that appellant's trial counsel was not ineffective in failing to file a pre-trial severance motion. Prior to trial, appellant and her co-defendant had a united defense. Appellant was surprised to learn, at the end of the second day of testimony, that Mr. Pristello was abandoning his defense that the fire was accidental. In fact, Mr. Pristello's trial counsel was utterly surprised by the in-court confession and actually requested that he be permitted to withdraw his representation. It is axiomatic that counsel cannot, at the pre-trial stage, be charged with knowledge of future trial events.

Moreover, because the Commonwealth intended to call the same witnesses and introduce the same evidence against the co-conspirators, the preference for a joint trial was great. As such, a pre-trial severance motion would have been to no avail and, because counsel cannot be found ineffective for failing to follow a futile course of action, appellant's first issue must fail.

Appellant's next issue presents the question of whether prior counsel were ineffective in failing to challenge the admissibility of the statements appellant gave to police and fire investigators immediately following the fire. Specifically, appellant avers that, because she was not afforded *Miranda* warnings, the statements were subject to suppression and should have been challenged by prior counsel.

Factually, the record reveals that, while the fire was still ablaze, appellant and Mr. Pristello were interviewed by a fire inspector. As previously stated, although the pair admitted that they were inside the apartment when the fire began, they maintained that the fire was accidentally started by a carelessly-placed cigarette. Thereafter, the inspector asked whether the pair would provide witness statements and, if so, whether they would agree to go to the police station to do so. Both appellant and Mr. Pristello voluntarily agreed to be interviewed at the police station.

■ It is well-settled that *Miranda* warnings are only constitutionally required when one is subject to custodial interrogation. *See, e.g., Commonwealth v. Jones,* 546 Pa. 161, 176, 683 A.2d 1181, 1188 (1996). As our Supreme Court recently explained in *Commonwealth v. Rucci,* 543 Pa. 261, 280, 670 A.2d 1129, 1139 (1996) (citations omitted):

> The protective provisions of *Miranda* prohibit an interviewee who is in police custody from being subjected to interrogation after the interviewee has asserted his right to remain silent and/or consult with an attorney. An interviewee undergoes custodial interrogation whenever the person is physically deprived of freedom in any significant way or is placed in a situation in

which he reasonably believes that his freedom of action or movement is restricted by such interrogation.

After reviewing the facts of the instant matter, we find *Miranda* to be wholly inapplicable. Therefore, prior counsel cannot be deemed ineffective for failing to pursue a pre-trial suppression motion based thereon.

■ As previously recounted, appellant and her co-defendant were initially questioned by the fire investigator while their apartment, and at least one adjoining apartment, were still ablaze. As the occupants of the apartment, the couple was naturally questioned as to the fire's origins. Because of the hectic nature of the scene, the investigator requested that the couple provide written statements at police headquarters. Both appellant and Mr. Pristello assented and voluntarily agreed to provide witness statements. At this time, appellant was not a suspect in the fire; indeed, the fire was still raging and had yet to be termed an arson. Appellant was free to decline to provide a witness statement altogether or to terminate the police interview at any time. Therefore, appellant was "most certainly not in custody" and "the protections of *Miranda* were not applicable." *Rucci*, 543 Pa. at 281, 670 A.2d at 1139.

■ Next, appellant claims that trial counsel was ineffective for failing to make an opening statement and appellate counsel was ineffective in failing to present this issue on direct appeal. It is well-established that the decision whether to make an opening statement is a matter of trial strategy that is vested in the discretion of a defendant's attorney. *See, e.g., Commonwealth v. Montgomery*, 533 Pa. 491, 498, 626 A.2d 109, 113 (1993); Pa.R.Crim.P. 1116(a). While counsel cannot be held *per se* ineffective for opting to forgo an opening statement, our Courts have recognized that "the statement, its substance and presentation are the first opportunity that the jury has to hear from the defendant" and that, therefore, "the opening statement can often times be the most critical stage of the trial." *Montgomery*, 533 Pa. at 498, 626 A.2d at 113.

■ It is undisputed that, while appellant's co-defendant's attorney made an opening statement, appellant's attorney waived his right to do so. As stated, there are instances in which counsel may have a reasonable strategy designed to effectuate his client's interests in waiving an opening statement. *See, e.g., Commonwealth v. Tarver*, 253 Pa.Super. 185, 190, 384 A.2d 1292, 1295 (1978) (reasonable trial strategy to waive opening statement when such would have been duplicative of co-defendant's opening statement.) In the instant matter, however, appellant's post-conviction petition was dismissed without a hearing so this Court is without the benefit of Attorney Grayer's testimony regarding his trial tactics. Even assuming, however, that counsel was ineffective in this regard, we find that appellant cannot prove that counsel's omission prejudiced her. As such, appellant's claim must fail.

In order to prove prejudice, a claimant must plead and prove that counsel's commission or omission was so egregious that, but for counsel's ineffective representation, the outcome of the trial would have been different. Our review of the record discloses that Attorney Grayer vigorously represented appellant throughout her trial. Indeed, Attorney Grayer's cross examination of appellant's co-defendant resulted in Mr. Pristello recanting his testimony inculpating appellant. Instead, Mr. Pristello swore that he alone ignited the blaze. This fact, along with others attempting to raise a reasonable doubt as to appellant's guilt, was effectively argued to the jury during Attorney Grayer's closing argument. In sum, after a careful review of the record, we find that Attorney Grayer's election not to make an opening statement could not have contributed to the outcome of the trial and that appellant, therefore, is not entitled to relief.

Appellant next avers that prior counsel were ineffective in failing to call a number of defense witnesses. Specifically, appellant claims that trial counsel should have presented the testimony of: (1) appellant's neighbor, Pamela DeFoy; (2) three unnamed Erie County firefighters; (3) three friends of appellant, Shannon Everett, Karen Erdley and Diane Kaiser; (4) appellant's landlady; (5)

Rose Watkins, whose connection with appellant is unknown; and (6) District Justice John Vendetti.

In order to establish that trial counsel was ineffective for failing to call witnesses, a petitioner must:

(1) identify the witness or witnesses;

(2) demonstrate that counsel actually knew, or had a duty to know, the identity of the witness or witnesses prior to trial;

(3) demonstrate that the witness or witnesses were ready, willing and able to testify for the defense at trial; and

(4) demonstrate that the proposed testimony would have been helpful to the defense asserted at trial.

*See, e.g., Commonwealth v. Morris,* 546 Pa. 296, 310, 684 A.2d 1037, 1044 (1996); *Commonwealth v. Pearson,* 454 Pa.Super. 313, 324, 685 A.2d 551, 556 (1996) (*en banc*). Applying this standard to appellant's present averment, we find that no relief is due.

■ We note, initially, that Pamela DeFoy testified as a Commonwealth witness at trial. Nonetheless, appellant claims that, had Mrs. DeFoy been called as a defense witness, she would have testified that appellant warned her neighbors about the fire. Alternatively, appellant claims that her trial attorney failed to effectively cross examine Mrs. DeFoy. The record refutes these contentions. Mrs. DeFoy testified that she observed appellant arrive at the apartment and begin to move her belongings outside. After the fire started, Mrs. DeFoy stated that appellant did not call to warn the neighbors or ask anyone to call the fire department. Instead, Mrs. DeFoy testified, appellant left the fire scene. While unable to have Mrs. DeFoy deviate from the substance of her direct testimony, appellant's attorney was able to elicit from Mrs. DeFoy that she did not know appellant well and, in fact, could not make an in-court identification of her. We are satisfied that these facts refute the claim that Attorney Grayer either failed to call or failed to properly cross-examine Pamela DeFoy.

■ Next, appellant contends that Attorney Grayer should have called three members of the Erie County Police Department in order to refute the Commonwealth's claim that appellant and her boyfriend/co-defendant fled the scene of the fire. Specifically, appellant claims that one or all of the firemen would testify that appellant was at the fire scene when emergency personnel arrived and that, rather than fleeing, she informed the firemen that she would be available at her boyfriend's mother's nearby home. Appellant has failed to specifically identify these witnesses and has failed to demonstrate that any or all of them would have testified favorably for her at trial. Accordingly, we find that the trial court correctly held that appellant failed to make a sufficient proffer and that she is not entitled to relief.

■ Appellant also claims that the testimony of three of her friends, Shannon Everett, Karen Erdley and Diane Kaiser, would have been helpful at trial. More particularly, appellant claims that these women would have disputed the Commonwealth's theory that appellant set her apartment on fire in a jealous rage because she discovered her boyfriend in their apartment with other women. Appellant contends that these "other women" were, in fact, her friends and that, rather than being jealous or enraged, the women and Mr. Pristello smoked crack cocaine together. Again, this vacuous claim fails to establish the necessary prerequisites. There is no indication, other than appellant's unsubstantiated averments, that these women were prepared to testify on appellant's behalf. Moreover, our review of the record discloses that the Commonwealth did not, as appellant presently argues, contend that appellant set the apartment ablaze in a jealous rage. Instead, the Commonwealth contended that appellant and her boyfriend jointly set their apartment afire after being evicted for failure to pay their rent. Therefore, the women's testimony would have been of dubious value, at best.

■ Next, appellant argues that trial counsel should have called Rose Watkins and appellant's landlady, both of whom would testify that appellant and her boyfriend/co-defendant had a violent history. This, in turn, would support the proposition that Mr. Pristello started the fire and then wrongfully

implicated appellant. As stated, however, appellant and Mr. Pristello maintained a unified defense until the time that Mr. Pristello testified on his own behalf. This defense, which rested upon the theory that a cigarette accidentally started the fire, was in no way dependent upon the couple's history and, as such, would not have been relevant or helpful to appellant. Moreover, as with appellant's prior inadequate proffer, appellant has not offered any independent evidence that these people were ready, willing and able to testify for appellant and that trial counsel was aware of this.

 Lastly, appellant states that District Justice John Vendetti should have been called as a trial witness to attest to the fact that appellant told the District Justice that Mr. Pristello started the fire. Even assuming that appellant offered evidence that the District Justice would have testified to this effect at trial, the fact remains that this testimony would have been inadmissible hearsay. It follows, therefore, that trial counsel cannot be held ineffective for failing to elicit such testimony.

Appellant's final argument is that trial counsel's inability to marshal an effective defense for her forced her to remain silent at trial and, thereby, infringed upon her right to testify in her own behalf. This argument is refuted by the record and, accordingly, must fail. At trial, the court conducted a colloquy with appellant relative to her decision not to testify. Appellant stated that she had discussed the benefits and detriments of testifying with her attorney and, after considering the circumstances, voluntarily decided to remain silent. *See* N.T., 1/12/94 at 36–37. Further, the court informed appellant that, even though he would give the jury the standard instruction that no adverse inference could be taken by appellant's failure to testify, juries sometimes do consider a defendant's silence when deliberating. *Id.* Appellant, however, remained resolute and stated that she did not wish to testify.

We are satisfied that appellant's waiver of her constitutional right to testify was knowing, intelligent and voluntary. While, in retrospect, appellant may believe that her failure to testify prejudiced her, the fact remains that appellant's decision was fully informed and voluntary. As such, neither trial nor appellate counsel may be deemed ineffective in this regard.

Order affirmed. Petition of appellate counsel for leave to withdraw is granted.

SCHILLER, J., concurs in the result.