J. S04035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                  :          PENNSYLVANIA
              v.             :
                                  :
PEDRO LUIS GAVILAN-CRUZ,      :       No. 1117 MDA 2017
                                  :
           Appellant      :


Appeal from the PCRA Order, April 24, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0001911-2014


BEFORE:  SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED APRIL 20, 2018**

Appellant, Pedro Luis Gavilan-Cruz, appeals from the April 24, 2017 order of the Court of Common Pleas of Lancaster County denying appellant's petition for relief filed pursuant to the Post-Conviction Relief Act[1] ("PCRA"). After careful review, we affirm.

The PCRA court provided the following relevant facts and procedural history:

> On March 6, 2014, [appellant] was arrested and charged with rape, involuntary deviate sexual intercourse, aggravated indecent assault, terroristic threats, unlawful restraint (two counts), simple assault (two counts), and sexual assault.[Footnote 1] These charges related to [appellant's] sexual assault of his ex-girlfriend while he held her hostage, under the threat of death, in her home from March 2, 2014, to March 3, 2014.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[Footnote 1] 18 Pa.C.S.A. § 3121(a)(1), 18 Pa.C.S.A. § 3123(a)(1),18 Pa.C.S.A. § 3125(a)(2), 18 Pa.C.S.A. § 2706(a)(1), 18 Pa.C.S.A. § 2902(a)(1),(2), 18 Pa.C.S.A. § 2701(a)(1),(3), and 18 Pa.C.S.A. § 3124:1, respectively.

The case proceeded to a jury trial before [the Honorable David L. Ashworth] on December 15, 2014, and concluded on December 18, 2014, with a verdict of guilty on all nine charges. The jury further found that [appellant] used a deadly weapon at the time of each offense. Following the verdict, sentencing was deferred pending a pre-sentence investigation.

On April 2, 2015, the [PCRA] Court imposed consecutive sentences of 8 to 16 years' incarceration for the rape and IDSI charges, plus concurrent sentences of 5 to 10 years for the aggravated indecent assault, 1 to 2 years for the terroristic threats, 1 to 2 years for the unlawful restraint – risk of bodily injury, 1 to 2 years for the unlawful restraint – involuntary servitude, and 1 to 2 years for each of the simple assault charges. The charge of sexual assault merged with the rape count for purposes of sentencing. The aggregate sentence, therefore, was 16 to 32 years' incarceration. The sentencing was enhanced due to [appellant's] use of a deadly weapon during the commission of the offenses. [Appellant] was RRRI ineligible, but received credit for time served of 412 days. Restitution in the amount of $2,078.92 was imposed, as well as fees and costs. [Appellant] was advised at sentencing of his lifetime registration obligations pursuant to 42 Pa.C.S.A. § 9799.10. *et seq.*, as a Tier III sexual offender.

[Appellant] filed no post-sentence motions. A timely notice of appeal to the Superior Court of Pennsylvania was filed on April 29, 2015.[Footnote 2] On August 20, 2015, the Pennsylvania Superior Court dismissed the appeal for

failure of counsel to file a brief for [appellant.] (**See** No. 758 WDA 2015.)  [Appellant] had been represented at trial, sentencing, and on direct appeal by privately retained counsel, William D. Hobson, Esquire.

> [Footnote 2] Pursuant to this Court's directive, [appellant] filed a statement of matters complained of on appeal, in which [appellant] raised four issues: (1) whether the prosecutor violated Pa.R.E. 404 by failing to provide written notice to defense counsel of the Commonwealth's intention to introduce [appellant]'s prior bad acts; (2) whether [appellant]'s right to testify was violated by the Commonwealth's intended use of prior bad acts as rebuttal evidence; (3) whether the Commonwealth improperly withdrew the plea offer; and (4) whether the guilty pleas were properly entered in the two prior convictions so as to serve as prior bad acts in the instant case.

On July 14, 2016, [appellant], through newly retained private counsel, filed a PCRA petition claiming he was denied effective assistance of counsel when Attorney Hobson failed to perfect his direct appeal.  The Commonwealth agreed that the petition was timely and that [appellant] was entitled to have his direct-appeal rights reinstated. Accordingly, the Commonwealth did not contest the PCRA [petition].  On July 20, 2016, [appellant] was granted PCRA relief, and leave to file an appeal **nunc pro tunc** to the Superior Court from his judgment of sentence.

A **nunc pro tunc** appeal to the Superior Court of Pennsylvania was filed on July 26, 2016.[Footnote 3] (**See** No. 1238 MDA 2016.)  A three-judge panel of the Superior Court affirmed the judgment of sentence in an unpublished memorandum filed on December 5, 2016[Footnote 4] **See**

> ***Commonwealth v. Gavilan-Cruz***, 2016 WL 7048829 (Pa.Super. 2016).
>
> > [Footnote 3] Pursuant to this Court's directive, [appellant] furnished a concise statement of matters complained of on appeal which set forth two bases for the appeal: (1) "Attorney Hobson, prior to trial, failed to properly prepare appellant to testify during the trial"; and (2) "Attorney Hobson gave appellant bad advice, resulting in appellant giving up his right to testify."
> >
> > [Footnote 4] [Appellant]'s claims of ineffectiveness were dismissed without prejudice to his right to seek relief under the PCRA, pursuant to ***Commonwealth v. Grant***, 572 Pa. 48, 813 A.2d 726 (2002).
>
> On December 13, 2016, an amended petition was filed by PCRA counsel which raised the following issues: (1) trial counsel failed to adequately prepare his client to testify at trial; (2) trial counsel failed to explain to [appellant] that [appellant's] prior record would not be presented to the jury if his testimony were limited to the historical facts of the incident; and (3) trial counsel advised [appellant] he was more likely to be acquitted if he chose to remain silent. The Commonwealth filed a response to the amended petition on January 12, 2017, conceding the need for an evidentiary hearing on these claims. Accordingly, a hearing was held on February 27, 2017, at which time the [PCRA] Court heard testimony from Defense Attorney Hobson and [appellant]. Briefs having been filed by the parties, this matter is now ripe for [consideration].

PCRA court opinion, 4/24/17 at 1-4 (citations omitted).

The PCRA court denied appellant's petition on April 24, 2017.

Appellant filed a timely notice of appeal to this court on May 19, 2017. The

PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Appellant timely complied. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on July 13, 2017, in which it incorporated its April 24, 2017 opinion and order denying appellant's PCRA petition.

Appellant raises the following issue for our review:

> Did the PCRA court err when it denied [appellant's] petition for post conviction relief when it found that trial counsel provided effective assistance when trial counsel failed to advise his client properly regarding his right to testify due to his misunderstanding of the trial court's evidentiary ruling and misunderstanding of the fundamenals [sic] or [sic] evidence and trial counsel failed to prepare his client to testify at trial?

Appellant's brief at 4 (capitalization omitted).

Appeals following the denial of PCRA relief are subject to the following standard of review:

> Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997). We will not disturb findings that are supported by the record. **Commonwealth v. Yager**, 685 A.2d 1000, 1003 (Pa.Super. 1996) (**en banc**).

**Commonwealth v. Ousley**, 21 A.3d 1238, 1241 (Pa.Super. 2011), **appeal denied**, 30 A.3d 487 (Pa. 2011).

> To be entitled to relief on an ineffective assistance claim, a PCRA petition must establish: (1) the underlying claim has arguable merit; (2) no

reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 527 A.2d 973, 975-976 (Pa. 1987)[Footnote 5] Counsel is presumed to have rendered effective assistance. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones***, 912 A.2d 268, 278 (Pa. 2006). Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffective assistance claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis. ***Ali***, 10 A.3d at 291.

> [Footnote 5]: ***Pierce*** reiterates the preexisting three-prong test for ineffective assistance of counsel in Pennsylvania and holds it to be consistent with the two-prong performance and prejudice test in ***Strickland v. Washington***, 466 U.S. 668 (1984). ***Pierce***, 527 A.2d 976-977.

***Commonwealth v. Trieber***, 121 A.3d 435, 444-445 (Pa. 2015).

A criminal defendant's decision whether to testify in his own defense or remain silent is a basic fundamental right grounded in both our national and Commonwealth's Constitutions. **See** U.S. Const. amdt. 5; Pa. Const. Art. I, § 9. Generally, a defendant cannot successfully claim ineffective assistance of counsel for failing to call him to testify after a defendant has voluntarily waived his right to testify in a colloquy, unless certain exceptions are

J. S04035/18

established. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1086 (Pa.Super. 2014), citing ***Commonwealth v. Peay***, 806 A.2d 22, 29 (Pa.Super. 2002), ***appeal denied***, 813 A.2d 840 (Pa. 2002); ***Commonwealth v. Schultz***, 707 A.2d 513, 520 (Pa.Super. 1997).

> In order to sustain a [PCRA] claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

***Commonwealth v. Nieves***, 746 A.2d 1102, 1104 (Pa. 2000), quoted by ***Commonwealth v. Michaud***, 70 A.3d 862, 869 (Pa.Super. 2013).

Here, appellant waived his right to testify on his own behalf. The PCRA court administered the following colloquy in open court:

> THE COURT: All right. Mr. Gavilan-Cruz, it's my understanding that you, after discussions with your attorney, have chosen not to testify; is that correct?
>
> [APPELLANT]: Yes.
>
> THE COURT: All right. Do you understand that you have both the right to testify and the right not to testify? Do you understand that?
>
> [APPELLANT]: Yes.
>
> THE COURT: And that you understand by choosing not to testify, the jury will be instructed that they may not in any way draw any negative inference or think that they should hold it against you for not testifying? Do you understand that?
>
> [APPELLANT]: Yes.

> THE COURT: . . . . Do you understand that I will instruct the jury exactly that, and that they may not draw any negative inference against you for your decision to exercise your constitutional rights not to testify? Do you understand that?
>
> [APPELLANT]: Yes.
>
> THE COURT: Is this a decision that you have made of your own free will?
>
> [APPELLANT]: Yes.
>
> THE COURT: And you've discussed this with your attorney; correct?
>
> [APPELLANT]: Yes.
>
> THE COURT: Have any threats or promises or anything of any kind been made to you or against you to force you to make this decision today?
>
> [APPELLANT]: No.
>
> THE COURT: All right. Do you have any questions of me or of your attorney?
>
> [APPELLANT]: No.

Notes of testimony, 12/17/14 at 500-501.

In ***Nieves***, the defendant elected not to testify on his own behalf because his counsel was concerned about the defendant's previous convictions, none of which were ***crimen falsi***, being used for impeachment purposes. ***Nieves***, 746 A.2d at 1103. The defendant's counsel initially alluded to having concern that the defendant's testimony may have opened a door to allow the Commonwealth to use evidence of the convictions for the purposes of impeachment; however, upon further examination by the PCRA

court, counsel testified that his concern of opening the door was not the primary reason that he advised the defendant not to testify. *Id.* at 1105.

Unlike in *Nieves*, appellant's trial counsel testified that his primary concern in advising appellant not to testify was that appellant would open the door to allow the Commonwealth to use evidence of non-*crimen falsi* convictions for the purpose of impeachment. *See* Pa.R.E. 404(a)(2)(A) (if a defendant offers evidence of a particular character trait, a prosecutor may then offer evidence to rebut). Specifically, Attorney Hobson testified that he was concerned about the jury's hearing about two previous convictions:

> The jury doesn't know about the prior attack of a prior assault with the other -- with the other woman.
>
> But if [appellant] take[s] the stand and say[s], you know, [victim], I love you; [victim], I'd never hurt you; [victim], I'd never harm you, it's coming in. And I said to [appellant], it is your decision, not mine, but if you say those words and that comes out, I believe you will get convicted.
>
> . . . .
>
> All I could do, I had to lay out to him that if he -- again, if he said -- if his testimony went in certain directions, and I couldn't see how he could defend himself and have that testimony not go in those directions.

Notes of testimony, 2/27/17 at 42-43.

In its opinion, the PCRA court stated that it found Attorney Hobson's testimony to be credible. Based on Attorney Hobson's testimony, we find that he did not interfere with appellant's right to testify on his own behalf, as

Attorney Hobson emphasized to appellant that it was appellant's decision. We further find that Attorney Hobson's advising appellant not to testify was based on reasonable strategic concerns about preventing the jury from learning of appellant's previous convictions. (**See** notes of testimony, 2/27/17 at 42-43.) We therefore hold that the PCRA court's denial of appellant's PCRA petition was supported by the evidence of record and is free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/18